# Exhibit B
## to
# Notice of Removal

Filed          17-CI-003434   06/28/2017          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION____
CIVIL ACTION No. 17-CI-_____

*ELECTRONICALLY FILED*

Sheila Robey, as Next Friend of the                                    **PLAINTIFF**
Estate of Helen Robey, Deceased

v.                                    **COMPLAINT**

The Evangelical Lutheran Good Samaritan Society, Inc.                    **DEFENDANTS**
d/b/a The Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of The Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

        COMES NOW Plaintiff, Sheila Robey, as Next Friend of the Estate of Helen Robey,

deceased, and for this cause of action against Defendants, The Evangelical Lutheran Good

Samaritan Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Claude Mapp, in his

capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through

3 Unknown Defendants states:

        1.        Sheila Robey is the Next Friend of the Estate of Annie Robertson, deceased, and

therefore brings this action on behalf of Helen Robey, deceased, pursuant to the Survival of

Actions Statute (K.R.S. § 411.140) and on behalf of the Estate of Helen Robey, deceased. Shelia

Robey, as Next Friend of the Estate of Helen Robey, deceased, also brings this action on behalf

of Helen Robey, pursuant to the Resident's Rights Statute (K.R.S. § 216.515 and K.R.S. §

216.520) and common law.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000001 of 000020

Filed        17-CI-003434   06/28/2017        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

Presiding Judge: HON. MARY SHAW (630277)

COM : 000002 of 000020

2.    Sheila Robey is the daughter of Helen Robey and is a resident of the Commonwealth of Kentucky.

3.    Upon information and belief, Helen Robey was admitted as a resident of The Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299, (hereinafter sometimes referred to as "the facility"), on June 23, 2016, and remained there until February 13, 2017.

4.    At all times relevant to this action, Helen Robey was of unsound mind.

5.    Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 4800 West 57th Street, Sioux Falls, SD 57108. Upon information and belief, at times material to this action, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, was the "licensee" of Good Samaritan Society - Jeffersontown and owned, operated, managed, controlled and/or provided services for Good Samaritan Society - Jeffersontown. Under the law and regulations promulgated and enforced by the Cabinet for Health and Family Services, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, as licensee of Good Samaritan Society - Jeffersontown, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of Good Samaritan Society - Jeffersontown. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society – Jeffersontown, in the ownership, operation, management, control and/or services provided for Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The agent for service of process for Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a

Filed          17-CI-003434   06/28/2017        David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

Good Samaritan Society - Jeffersontown is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.     Upon information and belief, Defendant Claude Mapp, was an Administrator of The Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The causes of action made the basis of this suit arise out of Defendant Claude Mapp's administration of the facility during the residency of Helen Robey. Defendant Claude Mapp may be served at the facility at its address of 3500 Good Samaritan Way, Jeffersontown, KY 40299.

7.     Defendants John Does 1 through 3 are entities and/or persons, either providing care and services to Helen Robey, or directly or vicariously liable for the injuries of Helen Robey. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Helen Robey during her residency at The Good Samaritan Society - Jeffersontown.

8.     Whenever the term "Nursing Home Defendant" is utilized within this suit, such term collectively refers to and includes The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society.

9.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Claude Mapp.

10.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

11.    Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing, human resources management, training,

Filed            17-CI-003434    06/28/2017         David L. Nicholson, Jefferson Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                06/30/2017 12:01:41 PM
                                                                                82451-1

staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

12.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 12 as if fully set forth herein.

14.     Upon information and belief, Helen Robey was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

15.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for The Good Samaritan Society - Jeffersontown, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

16.     Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

17.     Nursing Home Defendants failed to discharge their obligations of care to Helen Robey, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts

Presiding Judge: HON. MARY SHAW (630277)

COM : 000004 of 000020

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

and omissions that caused the injuries suffered by Helen Robey, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of The Good Samaritan Society - Jeffersontown, including Helen Robey.

18.     Due to the wrongful conduct of Nursing Home Defendants, Helen Robey suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

a)     Pressure Ulcers;
b)     Poor Hygiene;
c)     Malnourishment;
d)     Weight Loss;
e)     Dehydration;
f)     Medication Errors; and
g)     Death.

19.     Helen Robey also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, disfigurement, and loss of life, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

20.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Helen Robey's health deteriorated, she required medical treatment and she died.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

21.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22.     Nursing Home Defendants owed a non-delegable duty to Helen Robey to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000005 of 000020

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

23.    Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Helen Robey.

24.    Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)    Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

   1)    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Helen Robey, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

   2)    ensuring compliance with the resident care policies for the facility; and

   3)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b)    Failure to develop, implement and follow policies to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being;

c)    Failure to maintain all records on Helen Robey in accordance with accepted standards and practices;

d)    Failure to provide the minimum number of qualified personnel to meet the total needs of Helen Robey;

e)    Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f)    Failure to ensure that Helen Robey received adequate and proper custodial care;

g)    The failure to maintain all records on Helen Robey in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

h)    Failure to monitor or increase the number of nursing personnel at the facility to ensure that Helen Robey:

Presiding Judge: HON. MARY SHAW (630277)

COM : 000006 of 000020

    1)     received timely and accurate care assessments;

    2)     received prescribed treatment and medication;

    3)     received appropriate diet and nutrition;

    4)     received necessary supervision; and

    5)     received timely intervention due to significant changes in condition;

i)     Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

j)     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)     Failure to ensure that Helen Robey received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l)     Failure to provide Helen Robey with timely and appropriate turning and repositioning to prevent the onset and progression of skin breakdown;

m)     Failure to ensure that Helen Robey was provided with warm and palatable meals and received assistance with eating;

n)     Failure to protect Helen Robey from abuse and neglect; and

o)     Failure to increase the number of personnel at the facility to ensure that Helen Robey did not suffer the above-listed failures.

25.    A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Helen Robey. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

26.    Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are evidence of negligence. Violations of said statutory and regulatory standards of care by Nursing Home Defendants caused in part the

Presiding Judge: HON. MARY SHAW (630277)

COM : 000007 of 000020

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

injuries to Helen Robey.  Helen Robey was injured by the statutory and regulatory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes and regulations were enacted and promulgated and who was intended to be protected by these statutes and regulations. The violations of the statutory and regulatory standards of care of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

a)   Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Helen Robey; and/or,

b)   Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

27.    Plaintiff also alleges that Defendants breached the standard of care by violating the Kentucky Residents' Rights Statute.  The violations of the resident's rights of Helen Robey include, but are not limited to, the following:

a)   Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

b)   Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

c)   Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

d)   Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

e)   Violation of the right to be free from mental and physical abuse and neglect; and

f)   Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

## COUNT II – MEDICAL NEGLIGENCE

29.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30.     Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

31.     Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a)      The overall failure to ensure that Helen Robey:

1)      received timely and accurate care assessments;

2)      received prescribed treatment and medication;

3)      received appropriate diet and nutrition;

4)      received necessary supervision; and

5)      received timely intervention due to significant changes in condition;

Filed        17-CI-003434    06/28/2017        David L. Nicholson, Jefferson Circuit Clerk       NOT ORIGINAL DOCUMENT
                                                                                                 06/30/2017 12:01:41 PM
                                                                                                 82451-1

b)   Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Helen Robey throughout her residency;

c)   Failure to provide and implement an adequate nursing care plan based on the needs of Helen Robey;

d)   Failure to provide care, treatment and medication in accordance with physician's orders;

e)   Failure to adequately and appropriately monitor Helen Robey and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

f)   Failure to ensure Helen Robey was not deprived of the services necessary to maintain her health and welfare;

g)   Failure to inform the physician and family of significant changes in condition;

h)   Failure to ensure that Helen Robey received adequate and proper supervision and hygiene as well as infection control procedures;

i)   Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Helen Robey; and

j)   Failure to provide proper supervision, treatment, assessment and monitoring of Helen Robey in order to prevent the above-listed injuries;

k)   Failure to administer and secure appropriate medical care following the development and/or discovery of Helen Robey's above-listed injuries; and

l)   Failure to increase the number of personnel at the facility to ensure that Helen Robey not suffer the above-listed failures.

32.   It was foreseeable that the breaches of care listed above would result in serious injuries to Helen Robey.  A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33.   With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000010 of 000020

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

34.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

35.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 34 as if fully set forth herein.

36.    Upon information and belief, Helen Robey was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Helen Robey received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Helen Robey, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37.    Nursing Home Defendants owed a non-delegable duty to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000011 of 000020

Filed          17-CI-003434   06/28/2017          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

38.     Nursing Home Defendants owed a duty to Helen Robey to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

39.     Nursing Home Defendants owed a duty to Helen Robey to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

40.     Nursing Home Defendants owed a duty to Helen Robey to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Helen Robey, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Helen Robey from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Helen Robey from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

41.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

42.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and

Filed        17-CI-003434    06/28/2017        David L. Nicholson, Jefferson Circuit Clerk NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

43.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

44.     As an Administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Helen Robey, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et* seq.

45.     As a holder of a nursing home administrator's license for The Good Samaritan Society - Jeffersontown, Administrator Defendant was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

46.     Administrator Defendant was also responsible for the total management of The Good Samaritan Society - Jeffersontown pursuant to federal law.

47.     Administrator Defendants' management responsibilities included ensuring that The Good Samaritan Society - Jeffersontown operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000013 of 000020

48.    Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well–being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Helen Robey by failing to meet these requirements.

## COUNT I – NEGLIGENCE

49.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 and 43 – 49 as if fully set forth herein.

50.    As an administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant owed a duty to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

51.    Administrator Defendant breached his duties owed to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, during their tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Helen Robey the care she required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

    a)    Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Helen Robey:

NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

     1)     received timely and accurate care assessments;

     2)     received prescribed treatment and medication;

     3)     received appropriate diet and nutrition;

     4)     received necessary supervision; and

     5)     received timely intervention due to significant changes in condition;

b)     Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)     Failure to ensure that Helen Robey was provided with basic and necessary care and supervision;

d)     Failure to ensure that Helen Robey received care, treatment, and medication as prescribed or in accordance with physician's orders;

e)     Failure to ensure that Helen Robey attained and maintained her highest level of physical, mental, and psychosocial well–being;

f)     Failure to ensure that Helen Robey was treated with the dignity and respect that all nursing home residents are entitled to receive;

g)     Failure to provide a safe environment for Helen Robey;

h)     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i)     Failure to discipline or terminate employees at the facility assigned to Helen Robey that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j)     Failure to adopt adequate guidelines, policies, and procedures for:

     1)     investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

     2)     determining the cause of any such deficiencies, violations, or penalties;

     3)     establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

     4)     determining whether the facility had sufficient numbers of personnel to meet the total needs of Helen Robey; and,

Presiding Judge: HON. MARY SHAW (630277)

COM : 000015 of 000020

    5)    documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

k)    Failure to maintain all records on Helen Robey in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

l)    Failure to inform the physician and family of significant changes in condition;

m)    Failure to increase the number of personnel at the facility to ensure that Helen Robey received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n)    Failure to ensure that staff provide Helen Robey with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o)    Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Helen Robey to prevent her from suffering the above-listed injuries;

p)    Failure to ensure that staff administered and secured appropriate medical care for Helen Robey's above-listed injuries; and

q)    Failure to increase the number of personnel at the facility to ensure that Helen Robey not suffer the above-listed failures.

52.    A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Helen Robey. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Helen Robey as to constitute gross negligence.

53.    Additionally, Administrator Defendant failed to operate, manage or administer The Good Samaritan Society - Jeffersontown in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

Presiding Judge: HON. MARY SHAW (630277)

COM : 000016 of 000020

Filed        17-CI-003434    06/28/2017        David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
                                                                            06/30/2017 12:01:41 PM
                                                                            82451-1

a)   Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 *et seq.*;

b)   Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Helen Robey with her needs;

c)   Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)   Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well – being of Helen Robey, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)   Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Helen Robey in accordance with the resident care plan generated at the facility;

f)   Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Helen Robey;

g)   Failure to ensure a nursing care plan based on Helen Robey's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment when Helen Robey's needs changed;

h)   Failure to notify Helen Robey's family and physician of a need to alter her treatment significantly.

54.   Helen Robey was member of a class intended to be protected by the above laws and regulations. The injuries alleged in paragraph 18 resulted from events the laws and regulations were designed to prevent.

55.   It was foreseeable that these breaches of statutory duties would result in serious injuries to Helen Robey. Each of the foregoing acts of negligence *per se* on the part of

Presiding Judge: HON. MARY SHAW (630277)

COM : 000017 of 000020

Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Helen Robey as to constitute gross negligence.

56.    As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Helen Robey suffered the injuries described in paragraph 18, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendant including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS

### COUNT I – WRONGFUL DEATH

57.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1 – 56 as if fully set forth herein.

58.    As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Helen Robey by their wrongful conduct.

59.    Helen Robey suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, resulting in her death on February 13, 2017. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of dignity suffered by Helen Robey caused her family to suffer more than normal grief upon her death.

Presiding Judge: HON. MARY SHAW (630277)

COM : 000018 of 000020

Filed        17-CI-003434    06/28/2017        David L. Nicholson, Jefferson Circuit Clerk    NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

60.     As a direct and proximate result of the wrongful death suffered by Helen Robey,

Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive

damages including, but not limited to, medical expenses, funeral expenses and other related

costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish,

disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and

loss of life, in an amount to be determined by the jury, but in excess of the minimum

jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in

diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief

to which Plaintiff is entitled by law.

## DAMAGES

61.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs

1 – 60 as if fully set forth herein.

62.     As a direct and proximate result of the negligence of all Defendants as set out

above, Helen Robey suffered injuries including, but not limited to, those listed herein. As a

result, Helen Robey incurred significant medical expenses, and suffered embarrassment, physical

impairment, and loss of life.

63.     Plaintiff seeks punitive and compensatory damages against all Defendants in an

amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled

by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Sheila Robey, as Administratrix of the Estate of Helen Robey,

deceased, prays for judgment against Defendants, The Evangelical Lutheran Good Samaritan

Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Claude Mapp, in his capacity as

Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through 3 Unknown

Presiding Judge: HON. MARY SHAW (630277)

COM : 000019 of 000020

Filed          17-CI-003434   06/28/2017          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
06/30/2017 12:01:41 PM
82451-1

Defendants, in an amount to be determined from the evidence, the costs herein expended, and for

all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

This the 28th day of June, 2017.

Respectfully submitted,

*/s/ P. Kevin Hackworth*, Esq.
P. Kevin Hackworth, Esq.
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:     (859) 455-3356
Facsimile:      (859) 455-3362
E-mail: khackworth@wilkesmchugh.com
*Counsel for Plaintiff*

Presiding Judge: HON. MARY SHAW (630277)

COM : 000020 of 000020

20

| AOC-E-105       Sum Code: CI |  | Case #: **17-CI-003434** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **JEFFERSON Circuit** |
| Court of Justice    Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **ROBEY , SHEILA VS. GOOD SAMARITAN SOCIETY - JEFFERSONTOWN, E**, *Defendant*

TO:   **CHRISTINA  WIDEMAN**

**3500 GOOD SAMARITAN WAY**

**GOOD SAMARITAN SOCIETY - JEFFERSONTOWN**

**LOUISVILLE, KY 40299**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk

Date: 07/14/2017

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____

Served By

_____

Title

Summons ID: @00000831881 , JEFFERSON COUNTY SHERIFF
CIRCUIT: 17-CI-003434 Sheriff Service
ROBEY , SHEILA VS. GOOD SAMARITAN SOCIETY - JEFFERSONTOWN, E



Page 1 of 1

*eFiled*

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

# COMMONWEALTH OF KENTUCKY
## JEFFERSON CIRCUIT COURT
### DIVISION V
#### CIVIL ACTION No. 17-CI-003434

### *ELECTRONICALLY FILED*

Sheila Robey, as Administratrix of the                                    PLAINTIFF
Estate of Helen Robey, Deceased

v.                    **AMENDED COMPLAINT**

The Evangelical Lutheran Good Samaritan Society, Inc.                    DEFENDANTS
d/b/a The Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Christina Wideman, in her capacity as Administrator
of The Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

COMES NOW Plaintiff, Sheila Robey, as Administratrix of the Estate of Helen Robey,

deceased, and for this cause of action against Defendants, The Evangelical Lutheran Good

Samaritan Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Christina Wideman,

in her capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1

through 3 Unknown Defendants states:

1.  Sheila Robey is the Administratrix of the Estate of Annie Robertson, deceased, as

appointed by Order of Jefferson County, Kentucky, District Court, Probate Division, Case No.

17-P-002972, and therefore brings this action on behalf of Helen Robey, deceased, pursuant to

the Survival of Actions Statute (K.R.S. § 411.140) and on behalf of the Estate of Helen Robey,

deceased. Shelia Robey, as Administratrix of the Estate of Helen Robey, deceased, also brings

package : 000034 of 000073

AMC : 000001 of 000020

this action on behalf of Helen Robey, pursuant to the Resident's Rights Statute (K.R.S. § 216.515 and K.R.S. § 216.520) and common law.

2.       Sheila Robey is the daughter of Helen Robey and is a resident of the Commonwealth of Kentucky.

3.       Upon information and belief, Helen Robey was admitted as a resident of The Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299, (hereinafter sometimes referred to as "the facility"), on June 23, 2016, and remained there until February 13, 2017.

4.       At all times relevant to this action, Helen Robey was of unsound mind.

5.       Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 4800 West 57th Street, Sioux Falls, SD 57108. Upon information and belief, at times material to this action, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, was the "licensee" of Good Samaritan Society - Jeffersontown and owned, operated, managed, controlled and/or provided services for Good Samaritan Society - Jeffersontown. Under the law and regulations promulgated and enforced by the Cabinet for Health and Family Services, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, as licensee of Good Samaritan Society - Jeffersontown, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of Good Samaritan Society - Jeffersontown. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society – Jeffersontown, in the ownership, operation, management, control and/or services provided for

package : 000035 of 000073

AMC : 000002 of 000020

Filed        17-CI-003434   07/14/2017        David L. Nicholson, Jefferson Circuit Clerk

Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The agent for service of process for Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.        Upon information and belief, Defendant Christina Wideman, was an Administrator of The Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The causes of action made the basis of this suit arise out of Defendant Christina Wideman's administration of the facility during the residency of Helen Robey. Defendant Christina Wideman may be served at the facility at its address of 3500 Good Samaritan Way, Jeffersontown, KY 40299.

7.        Defendants John Does 1 through 3 are entities and/or persons, either providing care and services to Helen Robey, or directly or vicariously liable for the injuries of Helen Robey. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Helen Robey during her residency at The Good Samaritan Society - Jeffersontown.

8.        Whenever the term "Nursing Home Defendant" is utilized within this suit, such term collectively refers to and includes The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society.

9.        Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Christina Wideman.

10.       Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

Filed        17-CI-003434   07/14/2017        3        David L. Nicholson, Jefferson Circuit Clerk

11.     Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

12.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 12 as if fully set forth herein.

14.     Upon information and belief, Helen Robey was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

15.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for The Good Samaritan Society - Jeffersontown, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

16.     Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

package : 000037 of 000073

AMC : 000004 of 000020

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

21.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22.     Nursing Home Defendants owed a non-delegable duty to Helen Robey to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

23.     Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Helen Robey.

24.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

      a)    Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

          1)    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Helen Robey, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

          2)    ensuring compliance with the resident care policies for the facility; and

          3)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

      b)    Failure to develop, implement and follow policies to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being;

      c)    Failure to maintain all records on Helen Robey in accordance with accepted standards and practices;

      d)    Failure to provide the minimum number of qualified personnel to meet the total needs of Helen Robey;

Filed          17-CI-003434   07/14/2017          6          David L. Nicholson, Jefferson Circuit Clerk

package : 000039 of 000073

AMC : 000006 of 000020

e)  Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f)  Failure to ensure that Helen Robey received adequate and proper custodial care;

g)  The failure to maintain all records on Helen Robey in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

h)  Failure to monitor or increase the number of nursing personnel at the facility to ensure that Helen Robey:

   1)  received timely and accurate care assessments;

   2)  received prescribed treatment and medication;

   3)  received appropriate diet and nutrition;

   4)  received necessary supervision; and

   5)  received timely intervention due to significant changes in condition;

i)  Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

j)  Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)  Failure to ensure that Helen Robey received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l)  Failure to provide Helen Robey with timely and appropriate turning and repositioning to prevent the onset and progression of skin breakdown;

m)  Failure to ensure that Helen Robey was provided with warm and palatable meals and received assistance with eating;

n)  Failure to protect Helen Robey from abuse and neglect; and

o)  Failure to increase the number of personnel at the facility to ensure that Helen Robey did not suffer the above-listed failures.

package : 000041 of 000073

25.    A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Helen Robey. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

26.    Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are evidence of negligence.  Violations of said statutory and regulatory standards of care by Nursing Home Defendants caused in part the injuries to Helen Robey.  Helen Robey was injured by the statutory and regulatory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes and regulations were enacted and promulgated and who was intended to be protected by these statutes and regulations. The violations of the statutory and regulatory standards of care of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

      a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Helen Robey; and/or,

      b)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

27.    Plaintiff also alleges that Defendants breached the standard of care by violating the Kentucky Residents' Rights Statute. The violations of the resident's rights of Helen Robey include, but are not limited to, the following:

      a)    Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

      b)    Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

AMC : 000008 of 000020

c)   Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

d)   Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

e)   Violation of the right to be free from mental and physical abuse and neglect; and

f)   Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28.   As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

## COUNT II – MEDICAL NEGLIGENCE

29.   Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30.   Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

31.     Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

   a)   The overall failure to ensure that Helen Robey:

        1)   received timely and accurate care assessments;

        2)   received prescribed treatment and medication;

        3)   received appropriate diet and nutrition;

        4)   received necessary supervision; and

        5)   received timely intervention due to significant changes in condition;

   b)   Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Helen Robey throughout her residency;

   c)   Failure to provide and implement an adequate nursing care plan based on the needs of Helen Robey;

   d)   Failure to provide care, treatment and medication in accordance with physician's orders;

   e)   Failure to adequately and appropriately monitor Helen Robey and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

   f)   Failure to ensure Helen Robey was not deprived of the services necessary to maintain her health and welfare;

   g)   Failure to inform the physician and family of significant changes in condition;

   h)   Failure to ensure that Helen Robey received adequate and proper supervision and hygiene as well as infection control procedures;

   i)   Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Helen Robey; and

   j)   Failure to provide proper supervision, treatment, assessment and monitoring of Helen Robey in order to prevent the above-listed injuries;

k)     Failure to administer and secure appropriate medical care following the development and/or discovery of Helen Robey's above-listed injuries; and

l)     Failure to increase the number of personnel at the facility to ensure that Helen Robey not suffer the above-listed failures.

32.     It was foreseeable that the breaches of care listed above would result in serious injuries to Helen Robey.  A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

34.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

35.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 34 as if fully set forth herein.

36.     Upon information and belief, Helen Robey was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Helen Robey received was being rendered through employees of Nursing

package : 000044 of 000073

AMC : 000011 of 000020

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Helen Robey, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37.     Nursing Home Defendants owed a non-delegable duty to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being.

38.     Nursing Home Defendants owed a duty to Helen Robey to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

39.     Nursing Home Defendants owed a duty to Helen Robey to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

40.     Nursing Home Defendants owed a duty to Helen Robey to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Helen Robey, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Helen Robey from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Helen Robey from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

package : 000045 of 000073

AMC : 000012 of 000020

41.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

42.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT
## FACTUAL ALLEGATIONS

43.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

44.     As an Administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Helen Robey, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et* seq.

45.     As a holder of a nursing home administrator's license for The Good Samaritan Society - Jeffersontown, Administrator Defendant was legally and individually responsible for

package : 000046 of 000073

AMC : 000013 of 000020

package : 000047 of 000073

the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

46.    Administrator Defendant was also responsible for the total management of The Good Samaritan Society - Jeffersontown pursuant to federal law.

47.    Administrator Defendants' management responsibilities included ensuring that The Good Samaritan Society - Jeffersontown operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

48.    Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well– being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Helen Robey by failing to meet these requirements.

## COUNT I – NEGLIGENCE

49.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 and 43 – 49 as if fully set forth herein.

50.    As an administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant owed a duty to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

AMC : 000014 of 000020

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

51.     Administrator Defendant breached his duties owed to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, during their tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Helen Robey the care she required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

a)   Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Helen Robey:

    1)   received timely and accurate care assessments;

    2)   received prescribed treatment and medication;

    3)   received appropriate diet and nutrition;

    4)   received necessary supervision; and

    5)   received timely intervention due to significant changes in condition;

b)   Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c)   Failure to ensure that Helen Robey was provided with basic and necessary care and supervision;

d)   Failure to ensure that Helen Robey received care, treatment, and medication as prescribed or in accordance with physician's orders;

e)   Failure to ensure that Helen Robey attained and maintained her highest level of physical, mental, and psychosocial well-being;

f)   Failure to ensure that Helen Robey was treated with the dignity and respect that all nursing home residents are entitled to receive;

g)   Failure to provide a safe environment for Helen Robey;

h)   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i)   Failure to discipline or terminate employees at the facility assigned to Helen Robey that were known to be careless, incompetent, and unwilling

package : 000048 of 000073

AMC : 000015 of 000020

to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j)   Failure to adopt adequate guidelines, policies, and procedures for:

1)   investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2)   determining the cause of any such deficiencies, violations, or penalties;

3)   establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4)   determining whether the facility had sufficient numbers of personnel to meet the total needs of Helen Robey; and,

5)   documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

k)   Failure to maintain all records on Helen Robey in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

l)   Failure to inform the physician and family of significant changes in condition;

m)   Failure to increase the number of personnel at the facility to ensure that Helen Robey received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n)   Failure to ensure that staff provide Helen Robey with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o)   Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Helen Robey to prevent her from suffering the above-listed injuries;

p)   Failure to ensure that staff administered and secured appropriate medical care for Helen Robey's above-listed injuries; and

package : 000049 of 000073

AMC : 000016 of 000020

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

package : 000050 of 000073

q)   Failure to increase the number of personnel at the facility to ensure that
Helen Robey not suffer the above-listed failures.

52.   A reasonably careful nursing home administrator would have foreseen that the

failure to provide the ordinary care listed above would result in serious injuries to Helen Robey.

Each of the foregoing acts of negligence on the part of Administrator Defendant was

accompanied by such wanton or reckless disregard for the health and safety of Helen Robey as to

constitute gross negligence.

53.   Additionally, Administrator Defendant failed to operate, manage or administer

The Good Samaritan Society - Jeffersontown in compliance with federal, state, and local laws,

regulations, and codes intended to protect nursing home residents, including, but not limited to:

a)   Failure to ensure compliance with rules and regulations of the Cabinet for
Health and Family Services, pursuant to Chapters 216, 216B and 13A of
the Kentucky Revised Statutes and the administrative regulations
promulgated thereunder, and the federal minimum standards imposed by
the United States Department of Health and Human Services, 42 C.F.R.
sections 405.301 *et seq.*;

b)   Failure to ensure compliance with laws and regulations promulgated by
the Cabinet for Health and Family Services to provide the minimum
number of staff necessary to assist Helen Robey with her needs;

c)   Failure to ensure compliance with law and regulations of the Board of
Licensure for Nursing Home Administrators pursuant to the Nursing
Home Administrators Licensure Act of 1970, Kentucky Revised Statutes
sections 216A.010 et seq.;

d)   Failure to provide the necessary care and services to attain or maintain the
highest practicable, physical, mental, and psychosocial well – being of
Helen Robey, and in accordance with the comprehensive assessment and
plan of care created at the facility;

e)   Failure to provide sufficient nursing staff and nursing personnel to provide
adequate and appropriate nursing care to Helen Robey in accordance with
the resident care plan generated at the facility;

f)   Failure to administer the facility in a manner that enabled it to use its
resources effectively and efficiently to attain or maintain the highest
practicable physical, mental and psychosocial well-being of Helen Robey;

AMC : 000017 of 000020

Filed            17-CI-003434   07/14/2017        David L. Nicholson, Jefferson Circuit Clerk

58.    As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Helen Robey by their wrongful conduct.

59.    Helen Robey suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, resulting in her death on February 13, 2017. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of dignity suffered by Helen Robey caused her family to suffer more than normal grief upon her death.

60.    As a direct and proximate result of the wrongful death suffered by Helen Robey, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

61.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 60 as if fully set forth herein.

62.    As a direct and proximate result of the negligence of all Defendants as set out above, Helen Robey suffered injuries including, but not limited to, those listed herein. As a

result, Helen Robey incurred significant medical expenses, and suffered embarrassment, physical impairment, and loss of life.

63.    Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Sheila Robey, as Administratrix of the Estate of Helen Robey, deceased, prays for judgment against Defendants, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Christina Wideman, in her capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through 3 Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

This the 14th day of July, 2017.

Respectfully submitted,

*/s/ P. Kevin Hackworth, Esq.*
P. Kevin Hackworth, Esq.
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:    (859) 455-3356
Facsimile:     (859) 455-3362
E-mail: khackworth@wilkesmchugh.com
*Counsel for Plaintiff*

package : 000054 of 000073

## COMMONWEALTH OF KENTUCKY
## JEFFERSON CIRCUIT COURT
### DIVISION____
#### CIVIL ACTION No. 17-CI-_____

### *ELECTRONICALLY FILED*

Sheila Robey, as Next Friend of the                              PLAINTIFF
Estate of Helen Robey, Deceased

v.                          **COMPLAINT**

The Evangelical Lutheran Good Samaritan Society, Inc.            DEFENDANTS
d/b/a The Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of The Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

      COMES NOW Plaintiff, Sheila Robey, as Next Friend of the Estate of Helen Robey,

deceased, and for this cause of action against Defendants, The Evangelical Lutheran Good

Samaritan Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Claude Mapp, in his

capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through

3 Unknown Defendants states:

      1.     Sheila Robey is the Next Friend of the Estate of Annie Robertson, deceased, and

therefore brings this action on behalf of Helen Robey, deceased, pursuant to the Survival of

Actions Statute (K.R.S. § 411.140) and on behalf of the Estate of Helen Robey, deceased. Shelia

Robey, as Next Friend of the Estate of Helen Robey, deceased, also brings this action on behalf

of Helen Robey, pursuant to the Resident's Rights Statute (K.R.S. § 216.515 and K.R.S. §

216.520) and common law.

EXH : 000001 of 000020

Filed          17-CI-003434   07/14/2017          David L. Nicholson, Jefferson Circuit Clerk

2.      Sheila Robey is the daughter of Helen Robey and is a resident of the Commonwealth of Kentucky.

3.      Upon information and belief, Helen Robey was admitted as a resident of The Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299, (hereinafter sometimes referred to as "the facility"), on June 23, 2016, and remained there until February 13, 2017.

4.      At all times relevant to this action, Helen Robey was of unsound mind.

5.      Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 4800 West 57th Street, Sioux Falls, SD 57108. Upon information and belief, at times material to this action, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, was the "licensee" of Good Samaritan Society - Jeffersontown and owned, operated, managed, controlled and/or provided services for Good Samaritan Society - Jeffersontown. Under the law and regulations promulgated and enforced by the Cabinet for Health and Family Services, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, as licensee of Good Samaritan Society - Jeffersontown, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of Good Samaritan Society - Jeffersontown. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society – Jeffersontown, in the ownership, operation, management, control and/or services provided for Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The agent for service of process for Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a

package : 000055 of 000073

EXH : 000002 of 000020

Good Samaritan Society - Jeffersontown is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6.     Upon information and belief, Defendant Claude Mapp, was an Administrator of The Good Samaritan Society - Jeffersontown during the residency of Helen Robey. The causes of action made the basis of this suit arise out of Defendant Claude Mapp's administration of the facility during the residency of Helen Robey. Defendant Claude Mapp may be served at the facility at its address of 3500 Good Samaritan Way, Jeffersontown, KY 40299.

7.     Defendants John Does 1 through 3 are entities and/or persons, either providing care and services to Helen Robey, or directly or vicariously liable for the injuries of Helen Robey. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Helen Robey during her residency at The Good Samaritan Society - Jeffersontown.

8.     Whenever the term "Nursing Home Defendant" is utilized within this suit, such term collectively refers to and includes The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society.

9.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Claude Mapp.

10.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

11.     Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing, human resources management, training,

staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

  12. Jurisdiction and venue are proper in this Court.

### FACTUAL ALLEGATIONS

  13. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 12 as if fully set forth herein.

  14. Upon information and belief, Helen Robey was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

  15. At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for The Good Samaritan Society - Jeffersontown, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

  16. Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

  17. Nursing Home Defendants failed to discharge their obligations of care to Helen Robey, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts

package : 000057 of 000073

EXH : 000004 of 000020

and omissions that caused the injuries suffered by Helen Robey, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of The Good Samaritan Society - Jeffersontown, including Helen Robey.

    18.    Due to the wrongful conduct of Nursing Home Defendants, Helen Robey suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

a)    Pressure Ulcers;
b)    Poor Hygiene;
c)    Malnourishment;
d)    Weight Loss;
e)    Dehydration;
f)    Medication Errors; and
g)    Death.

    19.    Helen Robey also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, disfigurement, and loss of life, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

    20.    The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Helen Robey's health deteriorated, she required medical treatment and she died.

### CAUSES OF ACTION

### COUNT I – NEGLIGENCE

    21.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

    22.    Nursing Home Defendants owed a non-delegable duty to Helen Robey to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

package : 000058 of 000073

EXH : 000005 of 000020

23.     Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Helen Robey.

24.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)     Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

    1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Helen Robey, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

    2)     ensuring compliance with the resident care policies for the facility; and

    3)     ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b)     Failure to develop, implement and follow policies to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being;

c)     Failure to maintain all records on Helen Robey in accordance with accepted standards and practices;

d)     Failure to provide the minimum number of qualified personnel to meet the total needs of Helen Robey;

e)     Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f)     Failure to ensure that Helen Robey received adequate and proper custodial care;

g)     The failure to maintain all records on Helen Robey in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

h)     Failure to monitor or increase the number of nursing personnel at the facility to ensure that Helen Robey:

package : 000059 of 000073

EXH : 000006 of 000020

package : 000060 of 000073

   1)    received timely and accurate care assessments;

   2)    received prescribed treatment and medication;

   3)    received appropriate diet and nutrition;

   4)    received necessary supervision; and

   5)    received timely intervention due to significant changes in condition;

   i)    Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

   j)    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

   k)    Failure to ensure that Helen Robey received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

   l)    Failure to provide Helen Robey with timely and appropriate turning and repositioning to prevent the onset and progression of skin breakdown;

   m)   Failure to ensure that Helen Robey was provided with warm and palatable meals and received assistance with eating;

   n)    Failure to protect Helen Robey from abuse and neglect; and

   o)    Failure to increase the number of personnel at the facility to ensure that Helen Robey did not suffer the above-listed failures.

25.    A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Helen Robey. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

26.    Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are evidence of negligence. Violations of said statutory and regulatory standards of care by Nursing Home Defendants caused in part the

EXH : 000007 of 000020

injuries to Helen Robey. Helen Robey was injured by the statutory and regulatory violations of

Nursing Home Defendants and was within the class of persons for whose benefit the statutes and

regulations were enacted and promulgated and who was intended to be protected by these

statutes and regulations. The violations of the statutory and regulatory standards of care of

Nursing Home Defendants included, but is not limited to, violation(s) of the following:

    a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Helen Robey; and/or,

    b)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

    27.    Plaintiff also alleges that Defendants breached the standard of care by violating

the Kentucky Residents' Rights Statute. The violations of the resident's rights of Helen Robey

include, but are not limited to, the following:

    a)    Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

    b)    Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

    c)    Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

    d)    Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

    e)    Violation of the right to be free from mental and physical abuse and neglect; and

    f)    Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

package : 000061 of 000073

EXH : 000008 of 000020

b)    Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Helen Robey throughout her residency;

c)    Failure to provide and implement an adequate nursing care plan based on the needs of Helen Robey;

d)    Failure to provide care, treatment and medication in accordance with physician's orders;

e)    Failure to adequately and appropriately monitor Helen Robey and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

f)    Failure to ensure Helen Robey was not deprived of the services necessary to maintain her health and welfare;

g)    Failure to inform the physician and family of significant changes in condition;

h)    Failure to ensure that Helen Robey received adequate and proper supervision and hygiene as well as infection control procedures;

i)    Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Helen Robey; and

j)    Failure to provide proper supervision, treatment, assessment and monitoring of Helen Robey in order to prevent the above-listed injuries;

k)    Failure to administer and secure appropriate medical care following the development and/or discovery of Helen Robey's above-listed injuries; and

l)    Failure to increase the number of personnel at the facility to ensure that Helen Robey not suffer the above-listed failures.

32.    It was foreseeable that the breaches of care listed above would result in serious injuries to Helen Robey.  A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33.    With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

package : 000063 of 000073

EXH : 000010 of 000020

34.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

35.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 34 as if fully set forth herein.

36.    Upon information and belief, Helen Robey was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Helen Robey received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Helen Robey, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37.    Nursing Home Defendants owed a non-delegable duty to assist Helen Robey in attaining and maintaining the highest level of physical, mental and psychological well-being.

38.     Nursing Home Defendants owed a duty to Helen Robey to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

39.     Nursing Home Defendants owed a duty to Helen Robey to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

40.     Nursing Home Defendants owed a duty to Helen Robey to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Helen Robey, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Helen Robey from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Helen Robey from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

41.     With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helen Robey.

42.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Helen Robey suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and

package : 000065 of 000073

EXH : 000012 of 000020

package : 000067 of 000073

48.    Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well–being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Helen Robey by failing to meet these requirements.

## COUNT I – NEGLIGENCE

49.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 and 43 – 49 as if fully set forth herein.

50.    As an administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant owed a duty to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

51.    Administrator Defendant breached his duties owed to the residents of The Good Samaritan Society - Jeffersontown, including Helen Robey, during their tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Helen Robey the care she required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

a)    Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Helen Robey:

EXH : 000014 of 000020

60.   As a direct and proximate result of the wrongful death suffered by Helen Robey, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

### DAMAGES

61.   Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 60 as if fully set forth herein.

62.   As a direct and proximate result of the negligence of all Defendants as set out above, Helen Robey suffered injuries including, but not limited to, those listed herein. As a result, Helen Robey incurred significant medical expenses, and suffered embarrassment, physical impairment, and loss of life.

63.   Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Sheila Robey, as Administratrix of the Estate of Helen Robey, deceased, prays for judgment against Defendants, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a The Good Samaritan Society - Jeffersontown; Claude Mapp, in his capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through 3 Unknown

package : 000072 of 000073

EXH : 000019 of 000020

Defendants, in an amount to be determined from the evidence, the costs herein expended, and for

all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

This the 28th day of June, 2017.

Respectfully submitted,

*/s/ P. Kevin Hackworth*, Esq.
P. Kevin Hackworth, Esq.
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:      (859) 455-3356
Facsimile:       (859) 455-3362
E-mail: khackworth@wilkesmchugh.com
*Counsel for Plaintiff*

package : 000073 of 000073

EXH : 000020 of 000020